IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MORTEZA GORBANI,

    Plaintiff,

vs.                                                        Civ. No. 25-413 JFR/SCY

EDWARD E. GONZALEZ and
BLATTNER ENERGY, LLC,

    Defendants.

## ORDER TO FILE RULE 7.1 NOTICE

This matter comes before the Court sua sponte, following its review of the Notice of Removal, filed by Defendants on April 30, 2025. Doc. 1. Defendants removed this action to federal court citing diversity jurisdiction. *Id.* ¶ 6. The Court has a sua sponte duty to determine whether subject matter jurisdiction exists. *See Tuck v. United States Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988). The Court, having considered the notice of removal, the applicable law, and being otherwise fully advised in the premises, concludes that the notice of removal fails to allege the necessary facts to sustain diversity jurisdiction.

Under 28 U.S.C. § 1332(a), federal courts have "original jurisdiction in all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs and is between citizens of different States . . . ." When a plaintiff files a civil action in state court over which the federal court would have original jurisdiction based on diversity of citizenship, the defendant may remove the action to federal court, provided that no defendant is a citizen of the State in which such action is brought. *See* 28 U.S.C. § 1441(a), (b). The removing party bears the burden of establishing the requirements for federal jurisdiction. *Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013).

Here, the notice of removal properly alleges the citizenship of Plaintiff Morteza Gorbani and Defendant Edward E. Gonzalez. Doc. 1 ¶¶ 3, 4. As to Defendant Blattner Energy, LLC, the notice of removal alleges that "Defendant Blattner Energy, LLC, is incorporated in Minnesota and its principal place of business is 392 County Road 50 Avon, MN 56310. . . . Therefore, Defendant Blattner Energy, LLC is a citizen of the state of Minnesota." *Id.* ¶ 5. However, determining the citizenship of an unincorporated entity such as limited liability company (LLC) is different from determining the citizenship of a corporation under 28 U.S.C. § 1332. A corporation is deemed to be a citizen of the state in which it is incorporated and in which it maintains its principal place of business. *See id.* § 1332(c). An LLC, on the other hand, is a citizen of each and every state in which any member is a citizen. *See Siloam Springs Hotel, LLC v. Century Sur. Co.*, 781 F.3d 1233, 1237-38 (10th Cir. 2015) (the standard requiring determination of citizenship of all members applies to any "non-corporate artificial entity"). Here, the notice of removal does not provide any information as to the citizenship of the LLC members.

Neither did Defendant Blattner Energy, LLC file a disclosure statement as to its own citizenship. *See* Fed. R. Civ. P. 7.1(a)(2) ("In an action in which jurisdiction is based on diversity under 28 U.S.C. § 1332(a), a party or intervenor must, unless the court orders otherwise, file a disclosure statement. The statement must name—and identify the citizenship of—every individual or entity whose citizenship is attributed to that party or intervenor: when the action is filed in or removed to federal court.").

The Court will give Defendant Blattner Energy, LLC the opportunity to cure and allege facts necessary to sustain diversity jurisdiction. *See Hendrix v. New Amsterdam Casualty Co.*, 390 F.2d 299, 300-02 (10th Cir. 1968) (permitting amendment of notice of removal to allege

principal place of business of the defendant, along with citizenship, rather than mere residence, of the plaintiff); *Buell v. Sears, Roebuck & Co.*, 321 F.2d 468, 471 (10th Cir. 1963) (permitting amendment after appeal to allege corporation's principal place of business); *see also* 28 U.S.C. § 1653 ("Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts.").

**IT IS HEREBY ORDERED** that Defendant Blattner Energy, LLC file a corporate disclosure statement that fully complies with Rule 7.1(a)(2) no later than May 19, 2025.

**IT IS FURTHER ORDERED** that if Defendant Blattner Energy, LLC does not file a corporate disclosure statement showing the facts necessary to sustain diversity jurisdiction by May 19, 2025, the Court may remand this case to state court without further notice.

_____
STEVEN C. YARBROUGH
UNITED STATES MAGISTRATE JUDGE