IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MORTEZA GORBANI,

    Plaintiff,

vs.                                                                         Civ. No. 25-413 DHU/SCY

EDWARD E. GONZALEZ and
BLATTNER ENERGY, LLC,

    Defendants.

## ORDER DENYING MOTION TO STRIKE AND GRANTING MOTION FOR EXTENSION

Presently before the Court is Defendants' Motion to Strike Plaintiff's Expert Disclosure or, in the Alternative, for Extension of Time to Designate Expert Witness. Doc. 28; *see also* Doc. 29 (response). Defendants argue that Plaintiff provided an insufficient disclosure for his non-expert treating physician, Dr. Gonzalez. Specifically, the entirety of Dr. Gonzalez's expert disclosure is:

> Dr. Gonzalez is a medical doctor who is double board certified in Pain Management and Anesthesiology. He is a Diplomate of the American Board of Pain Medicine and the American Board of Anesthesiology. Dr. Gonzalez is expected to testify regarding Plaintiff's injuries, causation, diagnoses, prognosis, nature, extent and duration of Plaintiff's injuries and treatment and the reasonableness and necessity of treatment rendered and charges associated with said treatment and related issues.

Doc. 28-1. Additionally, Defendants argue that, after the expert disclosure deadlines, Plaintiff produced additional medical records for a recommended future surgery from a previously undisclosed treating physician. Indeed, Plaintiff's expert deadline was September 5, 2025 and Defendants' expert deadline was October 6, 2025, Doc. 17, and Plaintiff disclosed the surgery estimate on November 4, 2025. Defendants request that the Court strike Plaintiff's expert

disclosure and the late-disclosed surgery estimate, or in the alternative, that the Court grant an extension of the expert disclosure deadlines and all following case management deadlines.

Under Federal Rule of Civil Procedure 26, "certain disclosure requirements attach to witnesses who intend to deliver expert (as opposed to lay) testimony. Retained expert witnesses, or employees 'whose duties regularly involve giving expert testimony,' must file detailed written reports." *Vincent v. Nelson*, 51 F.4th 1200, 1214 (10th Cir. 2022) (quoting Fed. R. Civ. P. 26(a)(2)(B)) (alteration omitted). "These 'extensive' disclosure requirements, however, do not apply to non-retained expert witnesses." *Id.* (quoting Fed. R. Civ. P. 26 advisory committee notes to 2010 amendment). "Non-retained expert witnesses need only disclose 'the subject matter on which [he or she] is expected to present evidence' and 'a *summary* of the facts and opinions to which [he or she] is expected to testify.'" *Id.* (quoting Fed. R. Civ. P. 26(a)(2)(C)(i)-(ii)) (emphasis in *Vincent*, not in Rule 26). "A 'summary' is customarily defined as 'an abridgment' of a fuller accounting of material." *Id.* at 1216 (quoting *Summary*, Black's Law Dictionary (11th ed. 2019)) (alteration omitted). "Indeed, the advisory notes caution against requiring 'undue detail,' as witnesses testifying under Rule 26(a)(2)(C) generally 'have not been specially retained and may not be as responsive to counsel as those who have.'" *Id.* (quoting Fed. R. Civ. P. 26 advisory committee notes to 2010 amendment).

The Tenth Circuit has explained that other circuits "seem largely to have faulted parties only when they have filed disclosures 'so generic, unhelpful, and boilerplate that they could apply to virtually any case.'" *Vincent*, 51 F.4th at 1216 (quoting *Torrez v. D. Las Vegas, Inc.*, 773 F. App'x 950, 951 (9th Cir. 2019)) (alterations omitted). Because the Tenth Circuit cited *Torrez* approvingly, it is worth examining the disclosures in that case—which are nearly identical to the facts at issue here. As the magistrate judge in that case explained:

In the initial disclosure, Alfaro and Torrez identified a total of 11 healthcare providers. The initial disclosure also identified "person(s) most knowledgeable and/or custodian of records and/or the treating physician or other healthcare provider" by name. For each of these providers, the following identical disclosure was provided:

> The aforementioned medical care providers and/or their representatives are expected to testify as treating physicians and as experts regarding the injuries sustained; past, present and future medical treatment impairment; prognosis; disability; pain and suffering; disfigurement; causation; and the reasonableness and necessity of all care and billing as it relates to Plaintiff, as well as the authenticity of their medical records and cost of the services rendered.
>
> The aforementioned medical care providers will opine regarding future treatment, including, but not limited to, spinal cord simulators, chiropractic care, physical therapy, rehabilitative care, fusion surgery and/or therapeutic and/or diagnostic injections of the facets, nerve roots and/or medical branches. Said doctors will also opine regarding other pain management procedures such as radiofrequency ablations, occipital blocks and any other foreseeable medical treatment. Said doctors will also opine regarding all treatment in this case as it pertains to defending their opinions, to include any and all medical treatment as a result of the incident at issue, and any and all medical treatment prior to the incident at issue, and any and all depositions of other medical providers or defense experts, and any and all defense medical reports prepared to attack said doctor's opinions.

*Alfaro v. D. Las Vegas, Inc.*, No. 15cv2190, 2016 WL 4473421, at *3-4 (D. Nev. Aug. 24, 2016) (footnote omitted), *aff'd* 773 F. App'x 950. In the paragraph quoted by the Ninth Circuit, the magistrate judge found that:

> They do not disclose any expert opinions at all. Although the identical disclosures arguably include broad subject matter areas on which each witness is expected to testify or present evidence, they do not include a "summary of the facts and opinions to which the witness is expected to testify." *See* Fed. R. Civ. P. 26(a)(2)(C)(ii). The initial disclosure and supplemental disclosures do not even identify the conditions for which Plaintiffs were treated, their diagnosis or prognosis, or the course of treatment provided. No information at all is provided linking any injury claimed by either Plaintiff to the accident in this case. The identical descriptions of expected testimony that Plaintiffs provided for all 11 treating physicians and providers are so generic, unhelpful, and boilerplate they could apply to any virtually any case.

*Id.* at *13. Under Rule 26(a)(2)(C), "the disclosure must contain sufficient information to allow opposing counsel to make an informed decision on which, if any, of the treating providers should be deposed, determine whether to retain experts, and conduct a meaningful deposition or cross examination of the witness at trial." *Id.* at *14. The Ninth Circuit affirmed, quoting the "generic, unhelpful, and boilerplate" language from the magistrate judge's order and the Tenth Circuit later echoed this sentiment. 773 F. App'x at 951; *Vincent*, 51 F.4th at 1216.

Plaintiff's disclosure in this case suffers from the same deficiencies described in *Alfaro*/*Torrez*. Plaintiff's summary of the expert's opinion does not: identify the conditions for which the physician treated Plaintiff; describe the provider's diagnosis or prognosis; summarize any course of treatment; or summarize how the accident at issue caused Plaintiff's claimed injuries. Furthermore, the disclosure only provides a summary of the subject-matter of the anticipated testimony and does not actually disclose a single *fact* or *opinion* to which the provider will testify. *Cf.* Fed. R. Civ. P. 26(a)(2)(C)(i)-(ii)) ("this disclosure must state (i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; *and* (ii) a summary of the facts and opinions to which the witness is expected to testify" (emphasis added)).

The Court finds that Plaintiff's non-retained expert disclosure violates Rule 26 because it fails to provide a summary of any facts and opinions to which the witness is expected to testify. Additionally, the late-disclosed surgical estimate add significant damages to the case and such disclosure after the expiration of the expert deadlines prevents Defendants from rebutting the information with their own expert. Accordingly, the Court must now consider the appropriate remedy.

4

If a party fails to disclose information required by Rule 26(a), it may not use any undisclosed information at trial, unless the failure is substantially justified or harmless. Fed. R. Civ. P. 37(c)(1); *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 953 (10th Cir. 2002) ("A trial court has broad discretion to decide if a Rule 26(a) violation is justified or is harmless."). This "unless the failure is substantially justified or harmless" caveat exists to "avoid unduly harsh penalties." Fed. R. Civ. P. 37(c)(1) Advisory Committee Notes, 1993 amendment. "The decision to exclude evidence is a drastic sanction." *Summers v. Missouri Pac. R.R. Sys.*, 132 F.3d 599, 604 (10th Cir. 1997); *see also Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992) (recognizing "the judicial system's strong predisposition to resolve cases on their merits").

The Tenth Circuit has instructed that the following factors should guide a district court's discretion regarding whether to exclude evidence under Rule 37(c)(1): (1) whether the other party will be prejudiced, (2) the ability to cure any prejudice, (3) whether allowing the evidence would disrupt the trial, and (4) the violator's bad faith or willfulness. *Jacobsen*, 287 F.3d at 952-53; *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999).

The first and second factor favor Defendants' alternate request of extending the expert deadlines. That is, any prejudice to Defendants from the insufficient disclosure and from the late disclosure of the surgical estimate can be cured by extending the expert disclosure deadlines and discovery deadline such that the parties can engage in additional expert discovery and provide sufficient expert disclosures. Indeed, Plaintiff does not oppose "a mutual, limited extension of deadlines." Doc. 29 at 4. As to the third factor, allowing the parties to complete further expert discovery on the contested evidence will not disrupt trial because there is currently no trial setting in this case. Finally, on the last factor, there is no evidence Plaintiff violated Rule 26 in

bad faith. *Harvey v. THI of N.M. at Albuquerque Care Ctr., LLC*, No. 12cv727, 2015 WL 13667111, at *6 (D.N.M. Mar. 31, 2015) ("Without a finding of bad faith or gamesmanship, courts are loathe to invoke the strong medicine of precluding expert testimony." (internal quotation marks and alterations omitted)).

**IT IS THEREFORE ORDERED** that Defendants' Motion to Strike Plaintiff's Expert Disclosure or, in the Alternative, for Extension of Time to Designate Expert Witnesses (Doc. 28) is GRANTED IN PART AND DENIED IN PART. The Court denies Defendants' request to strike Plaintiff's expert disclosure and supplemental surgical estimate. The Court grants Defendants' request for an extension of case management deadlines as follows:

- Plaintiff's expert disclosure deadline: December 5, 2025
- Defendants' expert disclosure deadline: January 9, 2026
- Termination date for discovery: April 20, 2026
- Motions relating to discovery due by: May 8, 2026
- Pretrial motions other than discovery motions due by: May 15, 2026

**IT IS SO ORDERED.**

_____
STEVEN C. YARBROUGH
UNITED STATES MAGISTRATE JUDGE

6