**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

MORTEZA GORBANI,

      Plaintiff,

      vs.                                                          Civ. No. 25-413 DHU/SCY

EDWARD E. GONZALEZ and
BLATTNER ENERGY, LLC,

      Defendants.

## <u>ORDER GRANTING MOTION TO COMPEL</u><br><u>INDEPENDENT MEDICAL EXAMINATION</u>

Plaintiff Morteza Gorbani alleges he suffered injuries as a result of a car accident caused by Defendant Gonzalez. Doc. 1-1. Because Plaintiff has place his physical condition at issue, Defendants seek an Independent Medical Examination ("IME") of Plaintiff and have one scheduled for April 3, 2026 with Dr. Paul Saiz. Doc. 41 at 7. Although Plaintiff does not object to the IME, he disagrees with several of the conditions Defendants propose. As such, Defendants filed the present motion to compel IME. Doc. 41.[1]

### DISCUSSION

Under Federal Rule of Civil Procedure 35,

> The court where the action is pending may order a party whose mental or physical condition . . . is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner. . . . The order may be made only on motion for good cause and on notice to all parties and the person to be examined;

---

[1] Defendants also request a hearing. Doc. 45. The Court denies this request for two reasons. First, the parties completed briefing this issue on March 27, 2026, one week before the scheduled April 3 IME. Doc. 46. The Court's schedule, primarily consisting of criminal matters, does not allow for a hearing in the week between the completion of briefing and the scheduled IME. Second, the Court does not consider a hearing necessary to resolve the present dispute.

and must specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it.

Fed. R. Civ. P. 35(a)(1), (2). Decisions pertaining to Rule 35 examinations are reviewed under abuse of discretion. *Herrera v. Lufkin Indus., Inc.*, 474 F.3d 675, 688 (10th Cir. 2007).

Here, the parties dispute several conditions of Plaintiff's IME, which the Court will address in turn.

### 1. Examiner

Defendants propose that the IME be conducted by Dr. Paul Saiz, a Board-Certified Orthopedics Surgery Specialist. Doc. 41 at 4. Plaintiff objects, arguing that Dr. Saiz "is widely known for performing examinations on behalf of defendants and insurance carriers," and as such, "Dr. Saiz's role as a frequent defense examiner raises questions regarding the neutrality and objectivity of the proposed examination." Doc. 43 at 5. Plaintiff, therefore, requests that the Court appoint a "neutral examiner," but he does not provide any specifics as to who he believes would qualify for this role. *Id.*

In support of their position that they should be able to choose the independent medical examiner, Defendants cite a decision from the District of New Mexico: *O'Sullivan v. Rivera*, 229 F.R.D. 184 (D.N.M. Sept. 17, 2004) (J. Browning). Doc. 41 at 4. In response, Plaintiff cites no competing authority or law addressing whether potential bias is a basis to prohibit an IME and does not address whether such evidence is merely a matter for cross-examination at trial. Because Plaintiff has not proposed a different examiner and cites no authority to support the disqualification of Defendants' chosen examiner, Plaintiff's argument is unpersuasive.

Further, the Court observes that whether Dr. Saiz may examine Plaintiff is a different question than the admissibility of whatever evidence Defendants might seek to admit as a result of Dr. Saiz's examination. If Plaintiff believes evidence Dr. Saiz obtains from this examination

2

should be excluded because Dr. Saiz is not truly an independent medical examiner, Plaintiff may file a motion to exclude such evidence at the appropriate time. *See, e.g.*, *Lopez v. Singh*, No. CV 22-36 JCH/SCY, 2023 WL 402024, at *2 (D.N.M. Jan. 25, 2023) (holding the same). If Dr. Saiz testifies favorably to Defendants' position, Plaintiff may also explore the issue of bias on cross-examination. At this point, however, the Court only addresses the question before it: whether Dr. Saiz may examine Plaintiff. The Court answers this question in the affirmative—Dr. Saiz may conduct the IME.

### 2. Independent Observer & Exam Recording

Plaintiff requests that a silent observer, of his choosing, be present for the IME. Doc. 43 at 4. Indeed, Defendants agreed that the facility where the IME is to be conducted would provide a silent observer (who is unaffiliated with both Defendants and Dr. Saiz), Doc. 41-4 at 2-5, but Plaintiff rejected that offer, asserting that the silent observer "would be an individual employed by [Plaintiff's counsel's] firm." *Id.* at 6. Likewise, Plaintiff requests that the exam be recorded. "Most courts analyze a request for a recording device the same way they evaluate whether to permit the presence of an attorney during a Rule 35 examination." *Ornelas v. S. Tire Mart, LLC*, 292 F.R.D. 388, 396–97 (S.D. Tex. 2013); *see also Romero v. Bradford*, No. CV 08-1055 MCA/LFG, 2009 WL 10708259, at *3 (D.N.M. Apr. 30, 2009) ("A request to videotape an IME or to allow attendance by a third-party raises a single inquiry."). The Court will therefore address these requests together.

Plaintiff argues that "Courts routinely recognize that the presence of a silent observer or the use of recording mechanisms may be appropriate where necessary to prevent disputes regarding what occurred during the examination." Doc. 43 at 4. Plaintiff, however, cites no cases to support this proposition. To the contrary, "[t]he 'presence of recording devices' during IMEs

is 'disfavored' because it 'changes the nature of the proceeding.'" *Armijo v. Cardinal Logistics Management Corp.*, No. 23-cv-00573-DHU-LF, 2025 WL 48598, at *4 (D.N.M. Jan 2025) (quoting *Ornelas*, 292 F.R.D. at 397); *see also Romero*, 2009 WL 10708259, at *3 ("[T]he presence of a third person or recording equipment would inject a degree of the adversarial process into one that was intended to be neutral.") (citing T*omlin v. Holecek*, 150 F.R.D. 628 (D. Minn. 1993)). As such, "[m]ost federal courts do not allow the presence of counsel or video recording at an IME absent special circumstances." *Pepe v. Casa Blanca Inn & Suites, LLC*, No. 18-CV-476 JCH/JFR, 2019 WL 10960399, at *2 (D.N.M. July 11, 2019) (collecting cases); *see also Armijo*, 2025 WL 48598, at * 4 ("special circumstances for the request to record an IME must be shown, as fairness and medical integrity considerations underlie the determination") (internal quotation marks and citation omitted).

Here, Plaintiff presents no special circumstances to justify the presence of a third-party observer or a recording of the IME. Instead, Plaintiff argues that an observer and a recording is necessary to avoid creating a "one-sided evidentiary advantage." Doc. 43 at 4. But as discussed above, Plaintiff can address any concerns about bias through a motion to exclude or cross-examination. Indeed, Plaintiff himself will be present for the examination and can testify regarding the process. Accordingly, the Court rejects Plaintiff's request for an observer of his choosing and that the IME be recorded.

### 3. Scope and Date of Examination

Plaintiff requests that the Court establish "clear parameters governing the scope and conduct of the examination to prevent improper inquiry or conduct." Doc. 43 at 2. Plaintiff provides no further explanation for this request. However, he does list some additional conditions that he believes the Court should impose: "[t]he examination be non-invasive"; and

"[t]he examiner be prohibited from asking liability-related questions." Doc. 43 at 6. As listed in Defendants' motion, the IME is limited in scope to "a thorough evaluation of the cervical, thoracic and lumbar spines of Plaintiff." Doc. 41 at 7. Plaintiff provides no other argument to support limiting the scope any further.

Next, Plaintiff requests a "[m]utually agreeable scheduling of examination." Doc. 43 at 6. Defendants scheduled the IME for April 3, 2026 after Plaintiff's counsel confirmed that "the last week of March will likely work." Doc. 41-1 at 6. Plaintiff provides no other argument as to the April 3 setting or whether he would like a different date. Accordingly, the IME shall go forward as scheduled on April 3.

Lastly, Plaintiff requests that a written report of the examination be provided to him within 30 days. Doc. 43 at 6. Defendants do not oppose this request, Doc. 44 at 5, and so the Court will adopt it. *See* Fed. R. Civ. P. 35(b)(1) ("The party who moved for the examination must, on request, deliver to the requester a copy of the examiner's report, together with like reports of all earlier examinations of the same condition."). !

### 4. Deadline Extensions

In their motion, Defendants argue that the IME should take place on April 3, but that if it takes place later, "the remaining discovery deadlines be extended by thirty days." Doc. 41 at 7. In their reply, Defendants argue for the first time that discovery deadlines should be extended by 60 days even if the IME goes forward on April 3. Currently, discovery closes on April 20, 2026, discovery motions are due by May 8, 2026, and pretrial motions are due by May 15, 2026. Doc. 30. Trial in this matter is set to begin on November 2, 2026. Doc. 31.

Defendants argue that the April 20 discovery deadline "does not leave adequate time for Dr. Saiz to produce his report, be deposed or Plaintiff to be deposed after receipt of the report."

5

Doc. 44 at 6. The Court agrees and so extends the current deadlines by 30 days. If Defendants

seek a further extension, they must obtain Plaintiff's position and then file a motion.[2]

**CONCLUSION**

For these reasons, the Court GRANTS Defendants' Motion to Compel Order for

Plaintiff's Independent Medical Examination (Doc. 41). The details of the examination doctor,

place, manner, conditions, scope, and report shall be those listed in Defendants' motion. Doc. 41

at 7. Defendants shall provide Plaintiff a written report of the examination within 30 days of the

examination.

Additionally, the case management deadlines are extended as follows:

- Termination date for discovery: May 20, 2026

- Motions relating to discovery due by: June 8, 2026

- Pretrial motions other than discovery motions due by: June 15, 2026

_____
STEVEN C. YARBROUGH
UNITED STATES MAGISTRATE JUDGE

---

[2] In their motion Defendants did not request an extension if the Court ordered the IME to go forward on April 3, 2026, and as such Plaintiff had no reason to address the issue of a discovery deadline extension should an April 3, 2026 IME take place.